UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA ADAM SCHULTE,

                Plaintiff,

-against-

UNITED STATES OF AMERICA, *et al.*,

                Defendants.

21-CV-4042 (JMF)
21-CV-4800 (JMF)
21-CV-5061 (JMF)
21-CV-5168 (JMF)
21-CV-5173 (JMF)
21-CV-5213 (JMF)
21-CV-5313 (JMF)
21-CV-5554 (JMF)
21-CV-5722 (JMF)
21-CV-5851 (JMF)
21-CV-5871 (JMF)
21-CV-6504 (JMF)

ORDER OF SERVICE

JESSE M. FURMAN, United States District Judge:

    Plaintiff, appearing *pro se* and proceeding *in forma pauperis* ("IFP"), was detained in the Metropolitan Correctional Center (the "MCC") when he filed these twelve complaints, all of which have been reassigned to the undersigned. Plaintiff asserts claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"), and the Federal Tort Claims Act ("FTCA"), and alleges that he was subjected to unconstitutional conditions of confinement while detained in the MCC. Plaintiff seeks money damages and injunctive relief.

    In his pleadings, Plaintiff challenges: (1) obstruction of his windows and prohibiting outdoor recreation, *Schulte v. United States*, ECF 1:21-CV-4042, 1; (2) deliberate delay of all legal and court correspondence, *Schulte v. United States*, ECF 1:21-CV-4800, 2; (3) the imposition of arbitrary commissary restrictions, *Schulte v. United States*, ECF 1:21-CV-05061, 1; (4) denial of access to the electronic law library, in-person law library, and books, *Schulte v. United States*, ECF 1:21-CV-5168, 1; (5) his subjection to constant lighting in his cell, which he was unable to control, *Schulte v. United States*, ECF 1:21-CV-5173, 1; (6) the banning of him watching television, *Schulte v. United States*, ECF 1:21-CV-5213, 1 (7) the failure to timely or adequately respond to prison

grievances, *Schulte v. United States*, ECF 1:21-CV-5313, 1;[1] (8) denial of access to "all religious services," *Schulte v. United States*, ECF 1:21-CV-5554, 1; (9) denial of "full-contact legal visits including passing documents," which allegedly prevented him from assisting in his defense, *Schulte v. United States*, ECF 1:21-CV-5722, 2; (10) denial of access to working toilets, showers, and sinks, *Schulte v. United States*, ECF 1:21-CV-5851, 2; (11) restrictions on his telephone usage and visitation, *Schulte v. United States*, ECF 1:21-CV-5871, 2; and (12) his exposure to extreme temperatures, *Schulte v. United States*, ECF 1:21-CV-6504, 2.[2]

In each complaint, Plaintiff names the United States of America, unnamed Bureau of Prison ("BOP") officers, and former and current wardens.[3]

## CLAIMS FOR INJUNCTIVE RELIEF

In each complaint, Plaintiff requests various forms of injunctive relief arising out of his detention in MCC. But injunctive relief is not an available remedy under *Bivens* or the FTCA. *See Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities."); *Marie v. United States*, No. 19-CV-6854 (VEC) (DCF) 2020 WL 8669752, at *18 (S.D.N.Y. Aug. 12, 2020) ("[T]he plain language of the [FTCA] statute . . . suggests that its waiver of sovereign immunity does not apply to claims for non-monetary relief, and that declaratory and injunctive relief against

---

[1] In this complaint, Plaintiff claims that he attempted, unsuccessfully, to use the grievance process to exhaust his FTCA claims, but he does not allege that he exhausted his claims by raising them through the FTCA's exhaustion process. *See* 21-CV-5313, ECF 1 at 8.

[2] Some of the described restrictions may relate to Special Administrative Measures ("SAMs") restrictions that have been imposed on Plaintiff under 28 C.F.R. § 501.2. Plaintiff has challenged the SAMs restrictions multiple times in his criminal case. *See United States v. Schulte*, ECF 1:17-CR-548 (JMF). The criminal case was reassigned to the undersigned on October 29, 2021.

[3] In one complaint, Plaintiff names "Officer Edge." (ECF 1:21-CV-5061, 1.) In one complaint, Plaintiff names Doe FBI Officers. (ECF 1:21-CV-4800, 2.)

the United States are therefore unavailable." (citing *Birnbaum v. United States*, 588 F.2d 319, 335 (2d Cir. 1978))), *adopted* by 2020 WL 5441073 (S.D.N.Y. Sept. 9, 2020).

In any event, Plaintiff is now housed in the Metropolitan Detention Center (the "MDC") in Brooklyn, New York, and his transfer there mooted any claims for injunctive relief arising out of his detention in the MCC. *See Keitt v. New York City*, 882 F. Supp. 2d 412, 425 (S.D.N.Y. 2011) (holding in a § 1983 action that "[b]ecause Keitt is no longer at Elmira, where [defendants] are employed, '[injunctive] relief can no longer be given [and] is no longer needed.'" (quoting *Martin–Trigona v. Shiff,* 702 F.2d 380, 386 (2d Cir. 1983))); *McIntosh v. United States*, No. 15-CV-2442 (KMK) 2018 WL 1275119, at *8 (S.D.N.Y. Mar. 7, 2018) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility.") (quoting *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996)).

Accordingly, the Court denies all of Plaintiff's requests for injunctive relief.

## THE UNITED STATES AS THE PROPER DEFENDANT

The United States of America is the only proper defendant in an FTCA action. *See* 28 U.S.C. § 2679(a), (b)(1). *Bivens* relief against federal officials in their individual capacities is available only where the individuals were personally involved in the alleged constitutional violations. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017); *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020) (holding that a plaintiff "must plead and prove the elements of the underlying constitutional violation directly against the official."). Plaintiff does not allege the personal involvement of any of the individual defendants, and he does not provide identifying information for the Doe defendants. For these reasons, the Court at this point declines issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (holding that *pro se* litigants are entitled to assistance from the court in identifying defendants), or to order service on Officer Edge. The Court may grant Plaintiff leave to replead those claims at a later stage.

## ORDER OF SERVICE

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaints until the Court reviewed the complaints and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaints are not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the United States of America through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for the Defendant United States of America and check the box on the USM-285 forms labeled "Check for service on U.S.A." The Clerk of Court is further instructed to issue ONE summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of EACH COMPLAINT upon the defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

Plaintiff's claims for injunctive relief are denied.

The Clerk of Court is instructed to (1) complete the USM-285 form with the address for the United States of America; (2) check the box on the USM-285 form labeled "Check for service on U.S.A."; (3) issue ONE summons; and (4) deliver to the U.S. Marshals Service all documents necessary to effect service of EACH COMPLAINT docketed in the following cases: Nos. 21-CV-4042, 21-CV-4800, 21-CV-5061, 21-CV-5168, 21-CV-5173, 21-CV-5213, 21-CV-5313, 21-CV-5554, 21-CV-5722, 21-CV-5851, 21-CV-5871, and 21-CV-6504.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, along with an information package.

SO ORDERED.

Dated:   November 10, 2021
         New York, New York

_____
JESSE M. FURMAN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

- United States of America
  Attorney General of the United States
  950 Pennsylvania Avenue, N.W.
  Washington, D.C. 20530-2000

- United States Attorney's Office, Southern District of New York
  Civil Division
  86 Chambers Street, Third Fl.
  New York, N.Y. 10007