UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA ADAM SCHULTE,<br><br>Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | 21-CV-4042 (JMF)<br>21-CV-4800 (JMF)<br>21-CV-5061 (JMF)<br>21-CV-5168 (JMF)<br>21-CV-5173 (JMF)<br>21-CV-5213 (JMF)<br>21-CV-5313 (JMF)<br>21-CV-5554 (JMF)<br>21-CV-5722 (JMF)<br>21-CV-5851 (JMF)<br>21-CV-5871 (JMF)<br>21-CV-6504 (JMF)<br><br>ORDER GRANTING<br>PRO BONO<br>COUNSEL |

JESSE M. FURMAN, United States District Judge:

On February 3, 2022, Defendant filed a motion to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure. *See* ECF No. 20. Plaintiff requests the appointment of pro bono counsel to assist him in responding to this motion. *See* ECF No. 36.

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see* ECF No. 8 (granting Plaintiff IFP status). A district court has "broad discretion" in determining whether to request counsel pursuant to this statute, but must consider whether the litigant's claim "seems likely to be of substance," as well as the litigant's "ability to investigate the crucial facts . . . [and] to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Hodge v. Police Officers*, 802 F.2d 58, 60-61. (2d Cir. 1986). Finally, even if a court believes that a litigant should be provided with pro bono counsel, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but

instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989).

In light of the Government's concession that Plaintiff lacks access to state law research materials that are necessary to respond to the motion to dismiss, *see* ECF No. 31, the Court concludes that it would be in the interests of justice to request pro bono counsel for the limited purpose of opposing the Government's motion to dismiss. *See Hodge*, 802 F.2d at 60.

Finally, to permit the Court time to locate pro bono counsel, Plaintiff's deadline to file an amended complaint or to oppose the Government's motion, currently August 9, 2022, *see* ECF No. 37, is hereby EXTENDED to **September 9, 2022**.

The Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff for the limited purpose of opposing the Government's motion to dismiss, ECF No. 20. However, the Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case pro se.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: July 20, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge