```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JOSHUA ADAM SCHULTE,                                              :
                                                                  :
                            Plaintiff,                            :
                                                                  :     21-CV-4042 (JMF)
                -v-                                               :
                                                                  :     MEMORANDUM OPINION
UNITED STATES OF AMERICA, et al.,                                 :         AND ORDER
                                                                  :
                            Defendant.                            :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Joshua Schulte, a former employee of the Central Intelligence Agency ("CIA"), has been detained since 2018, first in the Metropolitan Correctional Center ("MCC") and, since October 2021 (at or about when the MCC was closed), in the Metropolitan Detention Center ("MDC"). For most of that time, he has been subject to "Special Administrative Measures" or "SAMs" and held in unusually restrictive conditions designed to prevent him from disclosing classified information. *See* 17-CR-548 (JMF), ECF No. 92. On March 9, 2020, a jury convicted Schulte of criminal contempt and making false statements to the Federal Bureau of Investigation. *See* 17-CR-548 (JMF), ECF No. 351. On July 13, 2022, another jury convicted Schulte of nine additional crimes, including illegal gathering of national defense information ("NDI"); illegal transmission of unlawfully possessed NDI; unauthorized access to a computer to obtain classified information; causing transmission of a harmful computer program information, code, or command; and obstruction of justice. *See* 17-CR-548 (JMF), ECF No. 882. He is awaiting a third trial on still more charges. *See* 17-CR-548 (JMF), ECF No. 888.

In these twelve consolidated civil cases, which Schulte filed without counsel in June and July 2021, he brings claims relating to the conditions of his confinement while detained at the

MCC subject to the SAMs.  The Court previously dismissed Schulte's claims for injunctive relief as moot in light of his transfer to the MDC, held that Schulte's claims brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), did not properly allege the personal involvement of any individual defendant, and consolidated all twelve cases under 21-CV-4042.  *See* ECF No. 9, at 3; ECF No. 18.  What remains are claims for damages from the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, which the Government moved to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *See* ECF No. 20.  Thereafter, the Court appointed *pro bono* counsel for the limited purpose of opposing the Government's motion to dismiss.  *See* ECF No. 38.  In the opposition filed by counsel, Schulte concedes that several of his claims are not cognizable under the FTCA, *see* ECF No. 46 ("Pl.'s Opp'n"), at 1, but continues to press four sets of claims, relating to (1) dysfunctional plumbing, including an October 30, 2020 incident in which his cell flooded with raw sewage, *see* 21-CV-5851, ECF No. 2 ("Sewage Compl."); (2) the denial of access to indoor and outdoor recreation and the blacking out of his cell windows, *see* 21-CV-4042, ECF No. 1 ("Exercise Compl."); (3) the practice of keeping of the lights on in his cell twenty-four hours a day, preventing him from sleeping, *see* 21-CV-5173, ECF No. 1 ("Sleep Compl."); and (4) the failure to provide heat during the winter and air conditioning during the summer, *see* 21-CV-6504, ECF No. 1 ("Temperature Compl.").  Schulte argues that the Government's motion should be denied as to these four sets of claims.  In the alternative, he seeks leave to amend and attaches a proposed Amended Complaint.  Pl.'s Opp'n. at 22-23; ECF No. 46-1 ("Proposed Am. Compl.").

       The FTCA provides "a limited waiver . . . [of] sovereign immunity [that] allows for a tort suit against the United States under specified circumstances."  *Liranzo v. United States*, 690 F.3d

78, 85 (2d Cir. 2012). For a claim to be cognizable under the FTCA, it must, as relevant here, be a claim for "personal injury," that is "caused by the negligent or wrongful act . . . of any employee of the Government, . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (cleaned up). Even if a claim meets these requirements, however, the United States retains its immunity for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Finally, as relevant here, the FTCA provides that "[n]o person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id.* § 1346(b)(2); *see also* Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . .").

In light of these standards, the Government's motion must be and is GRANTED as to all Schulte's claims other than those relating to the plumbing and sewage. As noted, Schulte concedes that the claims set forth in eight of his twelve complaints fall short. These claims are therefore deemed abandoned. *See, e.g.*, *Ciccone v. Ryan*, No. 14-CV-1325 (NSR), 2015 WL 4739981, at *5 (S.D.N.Y. Aug. 7, 2015) (finding that the plaintiff, in opposition to a motion to dismiss, "conced[ed] and abandon[ed]" one of his claims); *Smalls v. Rathbun*, No. 16-CV-6503, 2017 WL 6497626, at *1 (W.D.N.Y. Dec. 19, 2017) (same). Schulte's claims with respect to

recreation, his cell windows, the lights in his cell, and the temperature in his cell, meanwhile, fail for lack of any "prior showing of physical injury." 28 U.S.C. § 1346(b)(2); *cf. Greig v. Goord*, 169 F.3d 165, 166 (2d Cir. 1999) (holding that a plaintiff's confinement status at the time he files a federal action determines whether the PLRA's exhaustion requirement applies). In each case, Schulte alleges only that the conditions at issue caused him psychological damage, pain and suffering, and unspecified damages to his health. *See* Exercise Compl. ¶¶ V; Sleep Compl. ¶¶ V; Temperature Compl. ¶¶ V. Such allegations do not satisfy the physical injury requirement of the FTCA. *See, e.g.*, *Mitchell v. Horn*, 318 F.3d 523, 534 (3d Cir. 2003) (holding that "[l]oss of food, water, and sleep are not themselves physical injuries," but noting further that the plaintiff may be able to allege physical injuries resulting from those deprivations in an amended complaint); *Abreu v. Nicholls*, No. 04-CV-7778 (DAB), 2011 WL 1044373, at *3 (S.D.N.Y. Mar. 22, 2011), *adopted*, 2012 WL 1079985 (S.D.N.Y. Mar. 30, 2012) (explaining that "[n]umerous courts" have concluded that harms such as "headaches [and] insomnia . . . do not constitute a 'physical injury' within the meaning of . . . the PLRA").

Schulte's claims relating to the plumbing and sewage are a different story. The Government wisely concedes that, with respect to those claims, Schulte satisfies the physical injury requirement, as he alleges that the incident in which his cell flooded with raw sewage caused him to fall violently ill for several days. *See* ECF No. 47 ("Gov't Reply"), at 3; *see also* Sewage Compl. 3. Instead, the Government moves for dismissal of these claims on three other grounds. First, the Government contends that the claims have no private analogue. *See* ECF No. 21 ("Gov't Mem."), at 13-15; Gov't Reply 4-6. Construing the claims to be constitutional tort claims, the Government argues that the FTCA does not waive sovereign immunity for constitutional torts. *See* Gov't Mem. 13. Second, even if the claims could be construed to sound

in tort, the Government argues in its initial memorandum of law, but not its reply, that Schulte is challenging a "uniquely governmental function" — conditions of detention — for which there can be no private analogue. *Id.* at 14-15. And third, the Government argues that the claims are barred by the "discretionary function exception" to the FTCA codified in Section 2680(a). *See id.* at 15-20; Gov't Reply 6-9. The Court is unpersuaded.

First, liberally construing Schulte's *pro se* complaint to state the strongest claims it suggests, *see McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017), the Court concludes that Schulte pleads a claim for negligence. Under New York law, which applies here, a plaintiff must allege three elements to state a claim for negligence: "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021). The MCC has a statutory duty to "provide suitable quarters and provide for the safekeeping, care, and subsistence" of inmates. 18 U.S.C. § 4042(a)(2); *see also United States v. Muniz*, 374 U.S. 150, 164-65 (1963) ("[T]he duty of care owed by the Bureau of Prisons to federal prisoners is fixed by 18 U.S.C. § 4042."). Schulte plausibly alleges that the MCC breached this duty by failing to fix sewage leaks and, most significantly, by leaving him in a sewage-flooded cell overnight. *See* Sewage Compl. 3. And, as discussed, he alleges that he suffered injuries as a result of this breach, including physical illness, psychological harm, and pain and suffering. Construed liberally, these allegations are sufficient to state a claim for negligence, which therefore provides the private analogue necessary to be cognizable under the FTCA.[1]

---

[1] In its reply memorandum of law, the Government argues for the first time that Schulte's complaint alleges "intentional, as opposed to negligent, conduct." Gov't Reply 5-6. The Court deems the argument to be forfeited. *See, e.g.*, *Am. Infertility of N.Y., P.C. v. CNY Fertility, PLLC*, No. 21-CV-5566 (JMF), 2021 WL 4803539, at *1 (S.D.N.Y. Oct. 13, 2021) (declining to dismiss a complaint based on the defendant's argument raised for the first time on reply). In any

5

Second, the Government arguably abandoned its second argument — that because the conduct at issue occurred while Schulte was incarcerated, it relates to a "uniquely governmental function" for which there can be no private analogue — by not pressing it in its reply. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, 477 F. Supp. 3d 170, 179 n.2 (S.D.N.Y. 2020) (citing cases). In any event, the argument is without merit in light of controlling Supreme Court and Second Circuit precedent. *See, e.g.*, *Liranzo*, 690 F.3d at 94 ("[T]he fact that immigration detentions are 'uniquely governmental' does not mean they have no private analogue for present purposes."); *id.* at 97 ("The fact that a complained of action occurs in a quintessentially federal context . . . does not necessarily mean that no private analogue exists."); *Indian Towing Co. v. United States*, 350 U.S. 61, 66-67 (1955) (holding that although "all Government activity is inescapably 'uniquely governmental,'" this does not prevent a court from finding a private analogue). In contrast to the plaintiff in *McGowan v. United States*, 825 F.3d 118 (2d Cir. 2016) (per curiam), on which the Government relies, Schulte does not challenge the fact or nature of his detention; instead, he challenges specific conditions that caused him injury. It is well established that such claims can be brought pursuant to the FTCA even though the operation of a jail is a uniquely government function. *See, e.g.*, *Muniz*, 374 U.S. at 150 (holding that suits "for personal injuries sustained during confinement in a federal prison, by reason of negligence of a government employee" are within the purview of the FTCA); *see also, e.g.*, *Liranzo*, 690 F.3d at 95 ("In *Muniz*, the Court endorsed a private analogy to the liability of states and state jailors."); *Owens v. Haas*, 601 F.2d 1242, 1249 (2d Cir. 1979) ("[T]he United States has a duty to care

---

event, as the Government concedes, a party may allege alternative, and even inconsistent, claims in a complaint. *See* Fed. R. Civ. P. 8(d). Thus, the fact that some allegations in Schulte's complaint allege intentional misconduct does not foreclose the conclusion that he pleads negligence — especially given the special solicitude to which Schulte is entitled having filed his complaint without counsel.

adequately for its prisoners and is liable for its own negligence in that regard . . . ." (citations omitted)).

Finally, the Court concludes that the discretionary function exception is no bar to Schulte's claims relating to plumbing and sewage. To fall within the exception, "(1) the acts alleged to be negligent must be discretionary, in that they involve an element of judgment or choice and are not compelled by statute or regulation, and (2) the judgment or choice in question must be grounded in considerations of public policy or susceptible to policy analysis." *USAA Cas. Ins. Co. v. Permanent Mission of Republic of Namibia*, 681 F.3d 103, 111-12 (2d Cir. 2012). But there is an exception to the exception: the "negligent guard theory," which provides that the discretionary function exception does not extend to a jail or prison guard's "lazy or careless failure to perform his or her discretionary duties." *Scott v. Quay*, No. 19-CV-1075, 2020 WL 8611292, at *13 (E.D.N.Y. Nov. 16, 2020) (internal quotation marks omitted); *accord Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 476 (2d Cir. 2006). Construed liberally, Schulte's complaint with respect to the sewage and plumbing issues plausibly invokes the negligent guard theory. He alleges that his cell experienced "constant sewer leaks," culminating in the October 30, 2020 leak. Sewage Compl. 2-3. He further alleges that he notified the corrections officer on duty immediately upon realizing that his cell was flooding with sewage and that no MCC staff did anything to alleviate the problem. The fact that MCC officials both ignored the prior leaks and failed to address the October 30, 2020 leak could support a finding that the officials were lazy and inattentive. *See, e.g.*, *Coulthurst v. United States*, 214 F.3d 106, 109-10 (2d Cir. 2000); *Scott*, 2020 WL 8611292, at *14. Accordingly, on the present record, the discretionary function exception is not a basis to dismiss Schulte's sewage and plumbing claim.

For the foregoing reasons, the Government's motion to dismiss is DENIED as to Schulte's sewage and plumbing claim and otherwise GRANTED. The Court grants Schulte leave to file an amended complaint to address the issues raised in the Government's motion and discussed above. The Court does so because Schulte filed his original complaints *pro se* and now has *pro bono* counsel (albeit representing him only for limited purposes — namely, responding to the Government's motion and any amendment of the complaints) and because the Government did not oppose Schulte's request in the alternative for leave to amend (or make any argument in its reply that Schulte's proposed amendment would be futile). Schulte shall file any amended complaint (whether in the form already proposed or with further modifications in light of this Memorandum Opinion and Order) within **thirty days of the date of this Memorandum Opinion and Order**. No later than **three weeks after any amended complaint is filed** (or passage of the aforementioned deadline without an amended complaint), the Government shall either file an answer or a new motion to dismiss making any arguments that are not inconsistent with this Memorandum Opinion and Order. If the Government files a new motion to dismiss, any opposition shall be filed within **twenty-one days**, and any reply shall be filed **seven days thereafter**. For avoidance of doubt, the Court extends *pro bono* counsel's appointment to include the filing of any amended complaint and responding to any new motion to dismiss.

The Clerk of Court is directed to terminate ECF No. 20 and to mail a copy of this Memorandum Opinion and Order to Schulte.

SO ORDERED. Dated:

February 22, 2023
New York, New York

_____
JESSE M. FURMAN
United States District Judge