UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA ADAM SCHULTE,

                Plaintiff,

- v. -

UNITED STATES OF AMERICA,

                Defendant.

21-CV-4042 (JMF)

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

MICHAEL W. MARTIN
IAN WEINSTEIN
Lincoln Square Legal Services, Inc.
150 W 62nd St, 9th Fl.
New York, New York 10023
Tel.: (212) 636-6934
E-mail: mwmartin@lsls.fordham.edu
*Attorneys for Plaintiff*

On the memorandum:
Jessica Lagnado
Elizabeth Rivera
Thomas Rukaj
Kaleb Underwood
*Legal Interns*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

PROCEDURAL HISTORY .................................................................................................. 1

ARGUMENT ......................................................................................................................... 5

   I.  MR. SCHULTE SATISFIED THE FTCA'S PRESENTMENT REQUIREMENT ... 5

      A.   The Presentment Requirement's Purpose Is to Give Notice to the Agency ....... 6

      B.   Schulte's December 14, 2020 Mailing Gave Appropriate Notice to the BOP .. 7

      C.   Schulte's Administrative Complaints Gave Appropriate Notice to the BOP .... 7

   II. DEFENDANT'S EMPLOYEES THWARTED MR. SCHULTE'S EFFORTS TO SATISFY THE PRESENTMENT REQUIREMENT ................................................. 8

   III. THE COMPLAINTS ARE TIMELY ........................................................................ 11

   IV. IN THE ALTERNATIVE, DISCOVERY IS REQUESTED .................................... 11

CONCLUSION ................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................... 12

*Bogues v. United States*,
  703 F. Supp. 2d 318 (S.D.N.Y. 2010) ......................................................................... 11

*Collins v. United States*,
  996 F.3d 102 (2d Cir. 2021) .......................................................................................... 6

*GAF Corp. v. United States*,
  818 F.2d 901 (D.C. Cir. 1987) ...................................................................................... 6

*Michel v. United States*,
  No. 17-CV-1893, 2019 WL 4602828 (E.D.N.Y. Sept. 23, 2019) ............................... 11

*Mosseri v. F.D.I.C.*,
  No. 96-6152, 1996 WL 734046 (2d Cir. Dec. 23, 1996) ........................................... 6, 7

*Ross v. Blake*,
  136 S. Ct. 1850 (2016) ............................................................................................. 8, 9

*Williams v. United States*,
  No. 03 Civ. 9909, 2007 WL 951382 (S.D.N.Y. Mar. 22, 2007) ................................... 6

**Statutes**

28 U.S.C. § 2401(b) ............................................................................................................ 11

28 U.S.C. § 2675(a) ........................................................................................... 1, 3, 6, 7, 11

42 U.S.C. § 1997e(a) ............................................................................................................ 8

**Regulations**

28 C.F.R. § 14.2(a) ........................................................................................................... 6, 7

**PRELIMINARY STATEMENT**

Plaintiff Joshua Adam Schulte submits this memorandum of law in opposition to Defendant's Motion to Dismiss the Amended Complaint (Def.'s Mot. to Dismiss), ECF. No. 55. The Motion to Dismiss argues Mr. Schulte failed to properly present the claims to the appropriate agency, as required by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675(a). This argument should be rejected. First, Mr. Schulte prepared and mailed notices meeting the presentment requirement on December 14, 2020. Second, Defendant's active thwarting of Mr. Schulte's efforts to present and preserve his claims for judicial review provides independent grounds for denial of its motion. Third, Mr. Schulte's complaints are timely. Finally, on this record, although dismissal of the motion is warranted, if the Court is unpersuaded, it should order discovery on the material disputes between the parties as to satisfaction of the presentment requirement.

**PROCEDURAL HISTORY**

Mr. Schulte is currently detained at the Metropolitan Detention Center (MDC) in Brooklyn, New York, pending resolution of criminal charges against him. From about October 2018 until October 2021, he was housed in a special unit on the tenth floor of the now-shuttered Metropolitan Correctional Center (MCC) in Manhattan, New York. He is, and was at all times relevant to this action, subject to unusually restrictive conditions of confinement pursuant to Special Administrative Measures (SAMs). *See* ECF No. 48 at 1.

Mr. Schulte filed a number of administrative complaints with the Bureau of Prisons (BOP), attempted to file more, and filed notices with the BOP describing the tort claims and seeking a sum-certain. *See* Exh. A, Decl. of Joshua Adam Schulte in Opposition of Defendant's Motion to Dismiss the Amended Complaint (Schulte Decl.). Mr. Schulte then filed twelve *pro se* complaints in the United States District Court for the Southern District of New York in and around June and

July of 2021. On January 12, 2022, the Court consolidated those twelve complaints under docket 21-CV-4042. ECF. No. 9.

On February 3, 2022, Defendant filed a Motion to Dismiss the consolidated action for lack of jurisdiction. ECF. No. 21. In August 2022, the Court appointed *pro bono* counsel for the limited purpose of responding to the motion to dismiss. On November 18, 2022, now with the assistance of counsel, Mr. Schulte filed his opposition to the Motion to Dismiss and requested leave to file an amended complaint. ECF. No. 46. On February 22, 2023, the Court denied Defendant's Motion to Dismiss as to the FTCA cause of action relating to the sewage flood that occurred in his cell on October 30, 2020, and granted Mr. Schulte leave to file an Amended Complaint. ECF No. 48.

Mr. Schulte filed the Amended Complaint on March 23, 2023. ECF No. 49 (Am. Compl.). The Amended Complaint explains that Defendant is liable for negligently:

(a) leaving him in his cell exposed to putrid sewage on October 30–31, 2020, for which he suffered physical illness including vomiting, diarrhea, intestinal illness, headache, and emotional distress, Am. Compl. ¶¶ 17–28, 49–57;

(b) exposing him to extreme temperatures, for which he suffered increasingly frequent and acute migraines, loss of sleep, dehydration, muscle atrophy, and hemorrhoids, Am. Compl. ¶¶ 29–32, 58–66;

(c) depriving him of sleep, for which he suffered increasingly frequent and severe migraines, and emotional and psychological distress, Am. Compl. ¶¶ 33–36, 67–75;

(d) prohibiting him from having outdoor recreation and limiting his other opportunities for exercise, for which he suffered muscle atrophy, hemorrhoids, increasingly frequent and severe migraines, and emotional and psychological distress, Am. Compl. ¶¶ 43–46, 76–84; and

(e) exposing him to toxic air, from which he suffered ongoing breathing and respiratory issues, migraines, muscle atrophy, limited capacity to exercise, and emotional and psychological distress, Am. Compl. ¶¶ 37–42, 85–93.

The Amended Complaint also describes how Defendant engaged in a negligent pattern and practice of failing to provide Mr. Schulte with adequate, safe living conditions, which ultimately resulted in excessive risk to his health. Am. Compl. ¶¶ 94–102.

On April 27, 2023, Defendant filed the instant Motion to Dismiss the Amended Complaint, alleging Mr. Schulte failed to present the claims to the appropriate administrative agency prior to filing this case, pursuant to the FTCA, 28 U.S.C. § 2675(a). Defendant attached a declaration to its motion that references only two of the many administrative complaints and notices in the record. Defendant urges the Court to dismiss the case for want of subject matter jurisdiction.

This Opposition is filed in response to the Motion to Dismiss the Amended Complaint.

## STATEMENT OF FACTS

Mr. Schulte was detained in the now-shuttered MCC from 2018 to October 2021. He was among the last group of people to be transferred from the MCC before it was closed in the fall of 2021 due to the inability of Defendant to provide vital services including heat, basic sanitation, and safe living conditions. He is, and was at all times relevant to this case, subject to unusually restrictive conditions of confinement pursuant to Special Administrative Measures (SAMs). *See* ECF No. 48 at 1; Schulte Decl. ¶ 3. For example, he is permitted only non-contact visits with his legal team and immediate family and is forbidden any contact with other detainees. Schulte Decl. ¶ 3. Unlike general population detainees, he cannot directly access BOP grievance forms, but must request forms be given to him. *Id.* ¶ 4. These requests are sometimes denied. *Id.* ¶ 5. He has limited access to paper and writing utensils, must rely on BOP employees to send and receive all

mail, and all his mail is reviewed by intermediaries. *Id.* ¶¶ 6–7. He has only sporadic access to the prison library or to office equipment, including computers, copiers, and printers. *Id.* He has been subject to repeated searches, and his property, including his legal materials, have been repeatedly lost or seized. *Id.* ¶¶ 10, 30.

On October 30, 2020, at or around 5–6 p.m., sewage began to spread across the floor of Mr. Schulte's cell from the cell toilet. Am. Compl. ¶ 22. He informed three different lieutenants and a Corrections Officer of the situation at various times throughout the night, but he was not moved for over fourteen hours. *Id.* ¶¶ 23–27, 50–53. He became physically ill due to these negligent acts. *Id.* ¶¶ 26, 57.

When Mr. Schulte requested forms to request administrative relief, the officers on duty denied him access to those forms and told him there was nothing for them to do because the incident occurred in the past. Schulte Decl. ¶ 15.

On or about December 14, 2020, Mr. Schulte sent a mailing to the BOP Central Office and to the Department of Justice (DOJ), giving them notice of his claim and seeking $1,000,000 in damages for failure to provide adequate plumbing and $100,000,000 for being forced to live in sewage. *Id.* ¶ 16. This mailing also included notice of his other claims. *Id.* ¶¶ 12, 16, 19, 22, 25. In that mailing, he described the basis for each claim and demanded a sum-certain in damages for each claim. He received no response. *Id.* ¶ 16.

In addition to the December 14 mailing, Mr. Schulte completed the MCC's internal administrative forms seeking remedies for the other claims. For his exposure to extreme temperatures, the BOP denied him a remedy because the grievance was filed on a photocopy of the form and was allegedly illegible. *Id.* ¶ 16. The Plaintiff does not have access to a photocopier, *id.* ¶ 6, yet the BOP officers' apparent use of a photocopier foreclosed his administrative remedy.

4

For his sleep deprivation caused by constant lighting in his cell, his appeal was denied for the same reasons. *Id.* ¶ 21. In its denial of his appeal, the Northeast Regional Office said there was "no record" of his appealing at the institutional level despite his filing both a BP-8 and a BP-9 and receiving a response to both. *Id.* ¶ 21.

For his denial of recreational time that would have given him access to fresh air, his BP-9 was filed on March 6, 2019. *Id.* ¶ 24. When he did not receive a response, he appealed to the Northeast Regional Office on April 3 and did not receive a response. *Id.* He wrote the Central Office on May 6 and it responded on May 31, denying his appeal for failure to appeal at the institutional level. *Id.* Finally, on July 2—almost four months after he filed—he finally received a response to the BP-9 filed on March 6. *Id.*

## ARGUMENT

The Court should deny Defendant's Motion to Dismiss. First, Mr. Schulte satisfied the FTCA's presentment requirement through both his December 14, 2020 Mailing to the BOP and DOJ and his multiple administrative filings. Second, in the alternative, it is evident that Defendant's employees at the BOP thwarted Mr. Schulte's efforts to satisfy the requirement. Third, Mr. Schulte's complaints are timely. Finally, if the Court is unpersuaded, it should order discovery on the issue of presentment.

### I. MR. SCHULTE SATISFIED THE FTCA'S PRESENTMENT REQUIREMENT

The purpose of the presentment requirement is to give notice to the relevant agency. Mr. Schulte brought each of his claims to the attention of the BOP in his December 14, 2020 Mailing and in his multiple administrative filings. The December 14 Mailing and the administrative filings were detailed in his initial *pro se* complaints and each independently satisfy the FTCA's presentment requirement.

5

### A.  The Presentment Requirement's Purpose Is to Give Notice to the Agency

The FTCA requires that a plaintiff "first present[] the claim to the appropriate Federal agency" and be denied in writing, or fail to receive a response within six months, before a federal district court has subject matter jurisdiction. *See* 28 U.S.C. § 2675(a).  The Second Circuit has explained the presentment requirement is "one of notice, not proof." *Collins v. United States*, 996 F.3d 102, 110 (2d Cir. 2021).  The claimant must give the agency only enough "information as to the basis of the claim, the nature of claimant's injuries, and the amount of damages sought such that the agency can reasonably understand what it must investigate to determine liability, to value the claim, and to assess the advisability of settlement." *Id.* at 119; *see also GAF Corp. v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987) (noting the presentment requirement was "part of a package of amendments designed to facilitate out-of-court settlement").  One way in which notice may be given is on a Standard Form 95. *See* 28 C.F.R. § 14.2(a).  However, using the Standard Form 95 is not necessary to fulfill the presentment requirement. *See Collins*, 996 F.3d at 110–11 (citing *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998)).

An FTCA claimant satisfies the presentment requirement by giving either actual notice or constructive notice.  Actual notice is given by filing a claim directly with the appropriate federal agency, whereas constructive notice is given through a claim misfiled with the wrong agency, provided the claim includes sufficient information to permit a transfer to the appropriate federal agency. *See Mosseri v. F.D.I.C.*, No. 96-6152, 1996 WL 734046, at *2 (2d Cir. Dec. 23, 1996); *Williams v. United States*, No. 03 Civ. 9909, 2007 WL 951382, at *4 (S.D.N.Y. Mar. 22, 2007). The obligation to transfer the claim to the proper agency lies with the agency that received the complaint. *Mosseri*, 1996 WL 734046, at *2 ("[A] district court may find constructive filing in

situations where the plaintiff files the claim with the wrong federal agency and that agency fails to transfer the claim.").

### B. Schulte's December 14, 2020 Mailing Gave Appropriate Notice to the BOP

On December 14, 2020, Mr. Schulte gave BOP officers two envelopes to be mailed to the BOP and to the DOJ. *See* Schulte Decl. ¶ 12. Those envelopes contained twelve notices describing the basis for his claims, his resulting injuries, and requesting sums-certain for each claim pursuant to 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2(a). *See id.* ¶¶ 12, 16, 19, 22, 25. In each of his twelve *pro se* complaints filed in May through July 2021, Mr. Schulte refers to this December 14 Mailing and pleads he initiated a civil suit because he had not received a response within six months. *See, e.g.*, ECF. No. 1, at 4 (attached here as Exh. B for easy reference).[1] Indeed, because the BOP did not respond within six months, Mr. Schulte was correct to consider this a "final denial" of his claim. *See* § 2675(a).

Mr. Schulte satisfied the presentment requirement through the December 14 Mailing.

### C. Schulte's Administrative Complaints Gave Appropriate Notice to the BOP

Defendant's motion ignores the significant record of administrative complaints Mr. Schulte filed with the BOP. These complaints independently satisfy the FTCA's presentment requirement.

The record reflects that Mr. Schulte filed, or attempted to file, numerous administrative complaints regarding the underlying claims. *See* Am. Compl. ¶ 11. The BOP had notice of the underlying facts and circumstances of each of the claims in this case from Mr. Schulte's administrative grievances and from constant surveillance and control of him under the SAMs. Mr.

---

[1] The twelve original *pro se* complaints that each reference the December 14, 2020 mailing are: 21-cv-4800, ECF No. 2; 21-cv-4042, ECF No. 1; 21-cv-5061, ECF No. 1; 21-cv-5168, ECF No. 1; 21-cv-5173, ECF No. 1; 21-cv-5213, ECF No. 1; 21-cv-5554, ECF No. 1; 21-cv-5313, ECF No. 1; 21-cv-5722, ECF No. 2; 21-cv-5871, ECF No. 2; 21-cv-5851, ECF No. 2; 21-cv-6504, ECF No. 2.

Schulte's administrative complaints and the BOP's responses, where they exist, are included as exhibits to a Motion for Habeas Corpus filed in his criminal case. *See* Pet. For Habeas Corpus, Exhs. A–P, *United States v. Schulte*, No. 17-CR-548 (JMF), ECF. No. 447. The exhibits relevant to this memorandum are attached here as Exhibits C–E.

After Mr. Schulte was exposed to putrid sewage for over fourteen hours on October 30–31, 2020, he requested grievance forms from BOP officers. The officers denied his request, saying there was nothing for them to do because the incident occurred in the past. *See* Schulte Decl. ¶ 15. Mr. Schulte filed administrative grievances about his sleep deprivation on February 21, 2019. *See* Exh. C. Mr. Schulte filed a grievance about his need for recreation due to poor air quality on February 28, 2019. *See* Exh. D. Mr. Schulte filed a grievance regarding his exposure to extreme temperatures in his cell on March 6, 2019. *See* Exh. E.

These grievances gave appropriate notice of the basis of Mr. Schulte's claims and the nature of his injuries sufficient to allow the BOP to conduct an investigation, as required by statute and by *Collins*. Therefore, they independently satisfy the FTCA's presentment requirement.

## II. DEFENDANT'S EMPLOYEES THWARTED MR. SCHULTE'S EFFORTS TO SATISFY THE PRESENTMENT REQUIREMENT

The record of Mr. Schulte's *pro se* efforts to exhaust administrative remedies and present his FTCA claims to the appropriate agency contains numerous examples of how BOP officers often impeded his efforts. In the related context of the Prison Litigation Reform Act's (PLRA) requirement to exhaust administrative remedies, 42 U.S.C. § 1997e(a), the Supreme Court has recognized that a complainant has a duty to exhaust only "available remedies," not "unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). The Court identified three categories of unavailable remedies. First, those that "operate[] as a simple dead end—with officers unable or

consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 1859. Second, where the "administrative scheme [is] so opaque that it becomes, practically speaking, incapable of use." *Id.* And third, where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860. Mr. Schulte's experience reflects all three categories of unavailability. If this Court determines Mr. Schulte failed to properly present his claims under the FTCA, Defendant should not be rewarded for its efforts to thwart his attempts.

*Exposure to Sewage*. After Mr. Schulte was exposed to putrid sewage for over fourteen hours on October 30–31, 2020, he requested grievance forms from BOP officers. The officers denied his request for grievance forms, saying there was nothing for them to do because the incident occurred in the past. *See* Schulte Decl. ¶ 15. Since the grievance forms could be used to satisfy FTCA presentment requirement, the officers' refusal was at best a "simple dead end," and at worst an intentional misrepresentation.

*Sleep Deprivation*. On February 21, 2019, Mr. Schulte filed administrative grievances detailing his sleep deprivation due to constant lighting. *See* Exh. C at 3. The Northeast Regional Office denied his appeal of the MCCs denial because the forms were allegedly illegible, and photocopies are not accepted. *See* Exh. C at 8. These explanations are indicative of the BOPs efforts to thwart Mr. Schulte's complaints. Mr. Schulte does not have access to a photocopier. Schulte Decl. ¶ 6–7. Any photocopying done by a BOP officer should not be used against Mr. Schulte.

*Exposure to Toxic Air*. On February 21, 2019, Mr. Schulte filed a grievance about his need for recreation due to poor air quality and received the response on February 28. Exh. D at 3. He filed the formal BP-9 on March 6. Exh. D at 6. When he did not receive a response, he filed a BP-

9

10 on April 3. Exh. D. at 8.  When he again did not receive a response, he filed an appeal to the Central Office on May 6. Exh. D. at 12.  The Central Office denied the appeal on May 31 for illegibility and failure to file at the institutional level. Exh. D at 10.  This Kafkaesque response is exactly the unavailable remedy the Court in *Ross* had in mind.  Finally, more than four months after filing his BP-9, the MCC rejected the grievance on July 24. Exh. D at 5.

*Exposure to Extreme Temperatures*.  On March 6, 2019, Mr. Schulte filed a grievance regarding his exposure to extreme temperatures in his cell. *See* Exh. E at 3.  His appeal to the Regional Office was denied, again alleging legibility and photocopier issues, Exh. E at 8.  He appealed to the the Central Office and reiterated he was not permitted to use ballpoint pens. Exh. E at 12–13.  The Central Office did not address his lack of access to the required writing implements, and summarily denied his appeal. Exh. E at 11.

*December 14, 2020 Mailing*.  Following all these efforts, and after his exposure to putrid sewage on October 30–31, 2020, Mr. Schulte gave two envelopes to a BOP officer to mail that included all information relevant to the FTCA presentment requirement. *See supra* Section I.B.  Defendant's supporting declaration makes no mention of these notices, and it is unclear how thorough of a search was conducted.  A cursory search limited to only standard forms is an appropriate culmination of the growing record of Defendant's pattern and practice of thwarting Mr. Schulte's attempts to seek redress through the administrative channels.

The record shows Mr. Schulte's filings and notices were often ignored or mismanaged.  Additionally, the record reflects Defendant's employees rejected Mr. Schulte's filings for bureaucratic reasons that were not sensitive to the unusual conditions of his SAMs.  Defendant must not be allowed to exalt bureaucratic form over substance to thwart the efforts of those who are under its control to seek redress for their grievances.

Defendant has consistently thwarted Mr. Schulte's efforts to exhaust his administrative remedies and present his claims under the FTCA.

## III. THE COMPLAINTS ARE TIMELY

Defendant argues that the underlying allegations are time barred because Mr. Schulte did not file an administrative tort claim. *See* Def.'s Mot. to Dismiss, at 10. This argument should be rejected. The record reflects that for each of the acts complained of, Mr. Schulte filed, or attempted to file, an administrative grievance. Additionally, the December 14, 2020 Mailing that satisfies the FTCA presentment requirement was timely submitted and came mere weeks following his exposure to putrid sewage. The *pro se* civil complaints that were consolidated into this action were filed on or about the conclusion of the six-month waiting period under § 2675(a). None of the allegations come close to the two-year statute of limitations imposed by 28 U.S.C. § 2401(b). The complaints were timely filed.

## IV. IN THE ALTERNATIVE, DISCOVERY IS REQUESTED

Even though the current record supports denial of Defendant's motion, in the alternative, if the Court were to disagree, we urge the Court to first grant discovery limited to the issue of presentment. *See Michel v. United States*, No. 17-CV-1893, 2019 WL 4602828, at *7 (E.D.N.Y. Sept. 23, 2019) (ordering additional discovery on exhaustion for FTCA and PLRA claims); *Bogues v. United States*, 703 F. Supp. 2d 318, 324 (S.D.N.Y. 2010) (permitting limited discovery on exhaustion under the FTCA and on whether the plaintiff was entitled to equitable tolling). The discrepancies between the record and the declaration submitted in support of Defendant's Motion to Dismiss present material disputes that must be resolved. In light of these discrepancies, the Court should accept all facts alleged in the complaint as true and draw all necessary inferences in

favor of Mr. Schulte. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). If the Court finds it appropriate, it should order discovery on the issue of presentment.

## CONCLUSION

The Court should deny Defendant's Motion to Dismiss the Amended Complaint, order a scheduling conference to aid the parties in proceeding to discovery to aid in the resolution of this protracted litigation, and grant such other relief as the Court deems just and proper.

Dated: New York, New York
          May 17, 2023

                                             Respectfully Submitted,

                                             /s/ Michael W. Martin
                                             Michael W. Martin
                                             Ian Weinstein
                                             Lincoln Square Legal Services, Inc.
                                             Fordham University School of Law
                                             150 West 62nd St, 9th Fl.
                                             New York, NY 10023
                                             Phone:  (212) 636-6934
                                             Email: mwmartin@lsls.fordham.edu

On the memorandum:
Jessica Lagnado
Elizabeth Rivera
Thomas Rukaj
Kaleb Underwood
*Legal Interns*