UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSHUA ADAM SCHULTE,

               Plaintiff,

               -v-                                    21 Civ. 4042 (JMF)

UNITED STATES OF AMERICA,

               Defendant.

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2781
E-mail: Amanda.Lee2@usdoj.gov

AMANDA LEE
Assistant United States Attorney
    – Of Counsel –

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.      Plaintiff Failed to Properly Exhaust His FTCA Claims.................................................. 1

         A.      Plaintiff Has Not Presented His Tort Claims to the BOP ....................................... 1

         B.      Plaintiff's Claims that the BOP Otherwise had Notice of His Claims are Insufficient to Establish Jurisdiction......................................................................... 4

         C.      The Court Should Not Apply the Doctrine of Equitable Tolling to Plaintiff's Failure to Exhaust His FTCA Claims ...................................................................... 5

CONCLUSION ............................................................................................................................... 8

Defendant United States of America (the "Government") respectfully submits this reply memorandum of law in further support of its motion to dismiss the Amended Complaint, in this consolidated action, pursuant to Federal Rule of Civil Procedure 12(b)(1).

## PRELIMINARY STATEMENT

The Federal Tort Claims Act ("FTCA") is a limited waiver of sovereign immunity that must be strictly construed. The requirement to present a tort claim in writing to the appropriate federal agency within two years after the claim accrued is jurisdictional and is a prerequisite to filing suit in federal district court. Plaintiff has failed to plead, and is unable to prove, that the Bureau of Prisons ("BOP") actually received an administrative tort claim alleging damages for the injuries at issue in the Amended Complaint. Accordingly, the Court lacks subject matter jurisdiction to consider this action. To the extent that Plaintiff alleges that equitable tolling should apply to the FTCA's time limitation, such an argument is premature, because Plaintiff has yet to present his claims to the appropriate agency. In any event, Plaintiff fails to show that he is entitled to this rare and exceptional remedy.

## ARGUMENT

**I.        Plaintiff Failed to Properly Exhaust His FTCA Claims**

      **A.        Plaintiff Has Not Presented His Tort Claims to the BOP**

"[T]he United States has not consented to be sued on a tort claim unless the claim was first presented to the appropriate federal agency in writing, was so presented within two years after the claim accrued, and specified the amount of the claim in writing." *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (2d Cir. 1998); *see also* 28 U.S.C. §§ 2675(a)-(b), 2401(b). Such exhaustion requirement "is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

To present a claim under the FTCA, a plaintiff must submit to the appropriate Regional Office "sufficient information—whether through narrative, evidence, or other means—to alert the agency to the basis for his claim, the nature of his injuries, and the amount of damages sought." *Collins v. United States*, 996 F.3d 102, 105 (2d Cir. 2021); *see also Marie v. United States*, No. 19 Civ. 06854 (VEC) (DF), 2020 WL 8669752, at *10 (S.D.N.Y. Aug. 12, 2020); 28 C.F.R. § 543.31 ("If the loss or injury occurred in a specific regional office or within the geographical boundaries of the region, you may either mail or deliver the claim to that regional office.").

In *Cooke v. United States*, 918 F.3d 77 (2d Cir. 2019), the Second Circuit held that the "mailbox rule"—the common law presumption that a mailing was received by its intended recipient—does not apply to FTCA claims. Instead, the FTCA's requirement that "the claimant shall have first presented the claim to the appropriate Federal agency," 28 U.S.C. § 2675(a), is satisfied only when "'a Federal agency *receives* from a claimant . . . an executed Standard Form 95 or other written notification of an incident,'" *Cooke*, 918 F.3d at 81 (emphasis added by *Cooke*) (quoting 28 C.F.R. § 14.2). Accordingly, the Court held that "a plaintiff in a FTCA case may not invoke the common-law presumption of receipt and that, instead, [he] must show actual receipt." *Id.* at 82.

To date, the BOP has received two claims from Plaintiff seeking damages: the BP-A0943 and SF-95 forms (together the "Administrative Tort Claims")—neither of which relate to the claims in this action. Staff at both the MDC and the BOP Regional Office have searched BOP's electronic record systems and have not found any record of any other administrative tort claims. Alvarez Decl. ¶¶ 4-6; Declaration of Sharon Brzozowski ("Brzozowski Decl.") ¶ 4 ("I scan and log into Content Manager all administrative tort claims received for the Northeast Region which

are assigned a case number and are also searchable by the inmate's unique Bureau of Prisons Register Number), ¶¶ 6-7 ("I have made a diligent search of the BOP's content Manager for any records that have been indexed under Joshua Schulte or Joshua Schulte's inmate number (79471-054) . . . [t]he search disclosed that there is no record of Plaintiff submitting to the BOP any SF-95 form or form claiming damages, other than [the Administrative Tort Claims]."). This evidence is precisely the same found sufficient in *Cooke* to overcome the plaintiff's allegation that he submitted an administrative claim, even where that plaintiff substantiated the allegation of mailing with a copy of the SF-95 and the envelope it was allegedly sent in. *Cooke*, 918 F.3d at 79-80.

Plaintiff's argument—that he satisfied the presentment requirement when, on December 14, 2020, he "gave BOP officers two envelopes to be mailed to the BOP and to the DOJ," and that these mailings described his claims and injuries and requested damages in a sum-certain amount, Opp. at 10 (citing Schulte Decl. ¶ 12)—is foreclosed by *Cooke*.[1] The Department of Justice ("DOJ") also has no record of any administrative tort claim filed by Plaintiff. *See* Declaration of Elijah Jenkins ("Jenkins Decl.") ¶ 3. Because neither the BOP nor the DOJ have any record of actually receiving any administrative tort claim relating to the claims alleged in this action, Plaintiff's request for discovery as to presentment would be futile. Plaintiff's

---

[1] Plaintiff also argues that his *pro se* complaints alleged that he filed with the BOP a request for damages of $1 million per day for various injuries on December 14, 2020. *See* Opp. at 10; Opp. at Ex. B (ECF 58-2). These allegations were not included in Plaintiff's Amended Complaint. While Plaintiff included these allegations in his *pro se* complaints, "it is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Dluhos v. Floating & Abandoned Vessel, Known as "New York,"* 162 F.3d 63, 68 (2d Cir. 1998) (internal quotation marks and citation omitted). In any event, Plaintiff's *pro se* complaints do not allege that he sent any tort claim to the Department of Justice on December 14, 2020, which he alleges for the first time in his opposition papers.

3

allegation that he mailed administrative claims fails to establish that he complied with the FTCA's exhaustion requirement. "In the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987).

### B. Plaintiff's Claims that the BOP Otherwise had Notice of His Claims are Insufficient to Establish Jurisdiction

Plaintiff does not address the case law in this district establishing that the exhaustion procedures under the Prison Litigation Reform Act ("PLRA") and the FTCA are distinct and that exhaustion under the PLRA "would [not] be an answer" to lack of exhaustion under the FTCA. *McIntosh v. United States*, No. 15 Civ. 2442 (KMK), 2018 WL 1275119, at *7 & n.7 (S.D.N.Y. Mar. 7, 2018); *see also* Def.'s Mem. Supp. Mot. Dismiss Am. Compl. ("Def.'s Mem."), ECF No. 55 at 11-13. Nor does Plaintiff address the policy considerations inherent in establishing the separate regulatory structures for the FTCA and PLRA. *See* Def.'s Mem at 13-14.

Plaintiff is also incorrect in arguing that his administrative claims submitted pursuant to the PLRA were sufficient to provide the BOP notice of his FTCA claims. To properly present, an administrative claim under the FTCA must include "the amount of damages sought." *Collins*, 996 F.3d at 105. "[A] claim that does not set forth a specific demand for damages in a sum certain does not adequately 'present' a claim." *Manchanda v. Lewis*, No. 21 Civ. 1088, 2021 WL 5986877, at *3 (2d Cir. Dec. 17, 2021) (summary order) (holding that *Collins* cast no doubt on the "sum certain requirement," which is "a necessary implication of the text of the FTCA itself").

Plaintiff does not allege that any of his administrative claims included any request for damages for a sum certain. Nor do the copies of the administrative claims he references include any such demand. *See* Opp. Exs. C-E, Pet. For Habeas Corpus, Exs. A-P, *United States v.*

4

*Schulte*, No. 17-CR-548 (JMF), ECF. No. 447. Accordingly, the administrative claims submitted as part of the Administrative Remedy program fail to provide the agency the evidence required to "proceed to investigate its liability and value the claim in order to assess the advisability of settlement." *Collins*, 996 F.3d at 105.

        **C.**       **The Court Should Not Apply the Doctrine of Equitable Tolling to Plaintiff's Failure to Exhaust His FTCA Claims**

"The command that an action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . . is unambiguous." *McNeil v. United States*, 508 U.S. 106, 111 (1993) (internal quotation marks omitted). Here, Plaintiff has failed to plead that he presented his claims to the agency, and is unable to prove compliance. *See* Alvarez Decl. ¶¶ 4-6; Brzozowski Decl. ¶¶ 4, 6-7; Jenkins Decl. ¶ 3.

While Plaintiff cites to case law concerning certain exceptions to an inmate's requirement to exhaust administrative remedies under the PLRA, these principles are inapplicable to the FTCA. The Supreme Court has noted that the text of the PLRA "contains its own, textual exception to mandatory exhaustion," which "hinges on the 'availab[ility]' of administrative remedies," and requires an inmate to "exhaust available remedies . . . not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 642 (2016). But the text of the FTCA does not contain such language. *See* 28 U.S.C. §§ 2675(a)-(b), 2401(b). Rather, the exhaustion requirement under the FTCA is jurisdictional. Indeed, "[t]he Supreme Court has frequently held that waivers of sovereign immunity are to be strictly construed, in terms of [their] scope, in favor of the sovereign. Moreover, a waiver must be unequivocally expressed in the statutory text." *Cooke*, 918 F.3d at 81 (internal quotation marks and citations omitted).

Instead, to the extent that Plaintiff claims that he qualifies for the "rare and exceptional" remedy of equitable tolling, *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80

5

(2d Cir. 2003) (citation omitted), this argument is premature. Plaintiff has failed to present his claims in the first instance to the BOP, and the Court lacks jurisdiction to entertain this action.

Were the Court to consider equitable tolling in this case, Plaintiff has failed to show that this drastic remedy should apply. The Government recognizes that while time-barred claims may be dismissed with prejudice, the FTCA's time limitations are non-jurisdictional and therefore, can be subject to equitable tolling. *See Pryce v. United States*, No. 21 Civ. 1698 (KPF), 2022 WL 3155842, at *6 (S.D.N.Y. Aug. 8, 2022) (citing *United States v. Wong*, 575 U.S. 402, 412 (2015)). To be entitled to equitable tolling however, a plaintiff must establish that he "has been pursuing his rights diligently, and [ ] that some extraordinary circumstance stood in his way." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (internal quotation marks and citation omitted). "The first test, relating to the litigant's reasonable diligence, limits this remedy to those who have not contributed to the delay." *Palmer-Williams v. United States*, No. 14 Civ. 9260 (CS), 2016 WL 676465, at *7 (S.D.N.Y. Feb. 18, 2016) (internal quotation and citation omitted), *aff'd* 675 Fed. App'x 70 (2d Cir. 2017). The second test, relating to extraordinary circumstances, is "'a drastic remedy applicable only in rare and exceptional circumstances.'" *Id.* (quoting *A.Q.C.*, 656 F.3d at 144). "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Watson v. United States*, 865 F.3d 123, 132 (2d Cir. 2017) (internal quotation and citation omitted). Equitable tolling cannot be premised on an individual's *pro se* status. *See id.* at 133. Furthermore, "[t]he standard is a tough one and applies only in extreme situations." *Palmer-Williams*, 2016 WL 676465, at *9 (internal citation and quotations omitted). Moreover, a plaintiff must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his

filing, a demonstration that cannot be made if [a plaintiff], acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Plaintiff has not alleged extraordinary circumstances that caused him to be unable to submit tort claims to the Regional Office of the BOP within two years of when his claims accrued. Plaintiff alleges that he was detained in part of the MCC, called 10 South, from October 2018 to October 2021, and alleges that he suffered various injuries during this time period. *See* Amended Compl. ¶¶ 13, 57, 66, 75, 84, 93, 102. Regardless of what extraordinary circumstances Plaintiff may allege existed, Plaintiff was able to mail an administrative tort claim to the BOP both at the beginning and the end of the time period for which he alleges injuries in this action; such claims were dated December 6, 2018 and August 27, 2021—when Plaintiff was detained at 10 South—and were received by the BOP on January 11, 2019 and September 22, 2021, respectively. *See* Alvarez Decl. ¶ 5; Brzozowski Decl. ¶ 7. Plaintiff was also able to mail 12 different complaints to the Pro Se Intake Office of the United States District Court for the Southern District of New York, which were received from May through July, 2021.[2] Allegations that do not explain how an alleged extraordinary circumstance prevented a specific plaintiff from meeting timelines in an FTCA action fail to support equitable tolling. *See Olivio v. United States*, No. 20 Civ. 231 (RPK) (MMH), 2022 WL 409720, at *3 (E.D.N.Y. Feb. 10, 2022) (declining to apply equitable tolling when plaintiff alleged medical conditions, transfers to other hospitals and

---

[2] The twelve original *pro se* complaints each contain envelopes indicating that these complaints were mailed and received in May, June or July 2021: 21-cv-4800, ECF No. 2; 21-cv-4042, ECF No. 1; 21-cv-5061, ECF No. 1; 21-cv-5168, ECF No. 1; 21-cv-5173, ECF No. 1; 21-cv-5213, ECF No. 1; 21-cv-5554, ECF No. 1; 21-cv-5313, ECF No. 1; 21-cv-5722, ECF No. 2; 21-cv-5871, ECF No. 2; 21-cv-5851, ECF No. 2; 21-cv-6504, ECF No. 2.

7

facilities, chronic back pain, and surgeries and hospitalization because in part, plaintiff was able to file a civil complaint and administrative claim); *Mosca v. United States*, 602 F. Supp. 3d 344, 347 (E.D.N.Y. 2022) (declining to credit allegation that pandemic caused judicial system to shut down as an extraordinary circumstance because, in part, plaintiff's attorneys were able to continue litigating other cases).

While Plaintiff alleges generally that the BOP "denied his request for grievance forms," Opp. at 12, and that the BOP's responses to his administrative claims were "summarily denied," Opp. at 13, these claims relate to the BOP's Administrative Remedy Program for PLRA complaints, and not to the exhaustion requirements under the FTCA. "The only action an inmate must take prior to filing an FTCA suit in federal court is to submit an Administrative Tort Claim to the appropriate BOP Regional Office." *Funches v. Reish*, No. 97 Civ. 7611 (LBS), 1998 WL 695904, at *9 (S.D.N.Y. Oct. 5, 1998); *see also Hylton v. Fed. Bureau of Prisons*, No. 00 Civ. 5747 (RR), 2002 WL 720605, at *2 (E.D.N.Y. Mar. 11, 2002) ("A prisoner need only file an administrative tort claim with the Bureau of Prisons Regional office" to pursue a claim under the FTCA.). And to the extent Plaintiff claims that extraordinary circumstances prevented him from obtaining and preparing the required papers, these extraordinary circumstances would not be the cause of any delay; rather, Plaintiff alleges that he did prepare a written package that met the FTCA's presentment requirements in December 2020.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Amended Complaint against the Government for lack of subject matter jurisdiction.

Date: New York, New York
      May 31, 2023

                                      Respectfully submitted,

                                      DAMIAN WILLIAMS
                                      United States Attorney
                                      Southern District of New York

By:     */s/ Amanda Lee*
        AMANDA LEE
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        Telephone: (212) 637-2781
        Email: Amanda.Lee2@usdoj.gov