UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JOSHUA ADAM SCHULTE, :
:
Plaintiff, :
: 21-CV-4042 (JMF)
-v- :
: MEMORANDUM OPINION
UNITED STATES OF AMERICA, : AND ORDER
:
Defendant. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Joshua Schulte, a former employee of the Central Intelligence Agency ("CIA"), was arrested in 2017 and later convicted of various offenses, including a host of charges relating to the largest leak of classified information in CIA history and charges relating to child pornography; earlier this month, he was sentenced to forty years' imprisonment. *See* 17-CR-548 (JMF). From 2018 until October 2021, Schulte was detained in the now-shuttered Metropolitan Correctional Center ("MCC"), where he was subject to "Special Administrative Measures" and held in unusually restrictive conditions designed to prevent him from disclosing additional classified information. *See id.* ECF No. 92. In this case, Schulte brings various claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, relating to conditions of his confinement during that period. In an earlier Opinion and Order, familiarity with which is presumed, the Court dismissed most of Schulte's claims, but it granted him leave to replead a few of them. *See* ECF No. 48. With the assistance of *pro bono* counsel, Schulte filed an Amended Complaint, *see* ECF No. 49, which the Government now moves, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss for failure to exhaust his administrative remedies, *see* ECF No. 55 ("Gov't Mem.").[1]

---

[1] The Government also moves to dismiss Schulte's Amended Complaint insofar as it seeks declaratory or injunctive relief. *See* Gov't Mem. 11. Schulte does not oppose that portion of the

The FTCA provides "a limited waiver . . . [of] sovereign immunity [that] allows for a tort suit against the United States under specified circumstances." *Liranzo v. United States*, 690 F.3d 78, 85 (2d Cir. 2012) (quoting *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007)). One condition of this waiver is that the claimant must "exhaust all administrative remedies before filing a complaint in federal district court." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *see also* 28 U.S.C. § 2675(a). More specifically, "the United States has not consented to be sued on a tort claim unless the claim was first presented to the appropriate federal agency in writing, was so presented within two years after the claim accrued, and specified the amount of the claim in writing." *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (2d Cir. 1998); *see also* 28 U.S.C. §§ 2675(a)-(b), 2401(b). It is well established that "[t]he burden is on the plaintiff to both plead and prove compliance" with this "presentment" requirement and, "[i]n the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987); *see Celestine*, 403 F.3d at 82 (reaffirming that the FTCA's exhaustion requirement "is jurisdictional and cannot be waived").

In this case, Schulte asserts that he complied with the FTCA's presentment requirement on December 14, 2020, when he provided to employees of the Bureau of Prisons ("BOP") for mailing (to the relevant offices of the BOP and the Department of Justice) two envelopes containing notices describing his present claims and demanding sums certain for each. *See* ECF No. 58-1 ("Schulte Decl."), ¶ 12; ECF No. 57 ("Pl.'s Opp'n"), at 7, 10.² Significantly, the Government does not

---

Government's motion, and for good reason: The FTCA "does not permit declaratory or injunctive relief." *Ojo v. United States*, No. 20-CV-4882 (MKB), 2022 WL 4091011, at *2 n. 4 (E.D.N.Y. Sept. 6, 2022). On top of that, any such request would be moot, as Schulte is no longer detained at the MCC. Accordingly, that portion of the Government's motion is granted as unopposed.

²     Schulte also points to administrative complaints that he filed, *see* Pl.'s Opp'n 5; *see also* ECF Nos. 58-3, 58-4, 58-5, but these administrative complaints — which appear to have been submitted pursuant to the exhaustion requirements of the Prison Litigation Reform Act ("PLRA")

dispute (at least for purposes of this motion) that Schulte provided such notices to BOP employees for mailing or that the notices contained information sufficient to satisfy the FTCA's presentment requirement. Instead, the Government relies on the fact that the notices were apparently never *received* by the office responsible for such notices at the BOP, *see* ECF No. 56, ¶¶ 4-6; ECF No. 62, ¶¶ 6-7, or by the Department of Justice, *see* ECF No. 63, ¶ 3, to argue that Schulte's assertions are irrelevant as a matter of law, *see* ECF No. 61, at 3-4.[3] More specifically, the Government contends that Schulte's argument is "foreclosed" as a matter of law by *Cooke v. United States*, 918 F.3d 77 (2d Cir. 2019), in which the Second Circuit held that the common-law "mailbox rule" does not apply to the FTCA's presentment requirement because the statute, 28 U.S.C. § 2675(a), and corresponding regulation, 28 C.F.R. § 14.2, "make clear that actual receipt" by the relevant agency "is required," 918 F.3d at 82; *see also id.* at 81 ("The contours of this presentment requirement have been clarified through regulation. A plaintiff satisfies the requirement when 'a Federal agency *receives* from a claimant [the requisite written notification].'" (quoting 28 C.F.R. § 14.2)).

But the Government's argument fails for two reasons. First, the Government ignores that Schulte presented the notices to employees of the BOP and, thus, the BOP — the relevant agency — *did* receive the notices. Notably, neither the FTCA nor the corresponding regulation require

---

— plainly do not satisfy the FTCA's presentment requirement because they did not contain demands for sums certain. *See* ECF No. 61 ("Gov't Reply"), at 4-5; *Collins v. United States*, 996 F.3d 102, 116 (2d Cir. 2021) (holding that an FTCA claimant must "present a sum certain claim for damages" to satisfy "the presentment requirement" (citing 28 U.S.C. § 2675(b))); *Marie v. United States*, No. 19-CV-6854 (VEC) (DF), 2020 WL 8669752, at *12 (S.D.N.Y. Aug. 12, 2020) ("[D]istrict courts appear to have determined that the exhaustion of remedies under the PLRA does *not* satisfy the FTCA's exhaustion procedures." (citing cases)), *report and recommendation adopted*, 2020 WL 5441073 (S.D.N.Y. Sept. 9, 2020).

[3]   The Government also suggests that Schulte's reliance on the December 14, 2020 mailing is misplaced because he did not allege the particulars of the notices in the operative Amended Complaint. *See* Gov't Reply 3 n.1. But as the Government itself acknowledges, *see* Gov't Mem. 4 (citing *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002)), in resolving the question of subject-matter jurisdiction, the Court may look to evidence outside the pleadings, which, here, includes a declaration from Schulte.

receipt by a particular office within the relevant agency.  The statute refers only to "the appropriate Federal agency," 18 U.S.C. § 2675(a), and the regulation refers only to "the Federal agency whose activities gave rise to the claim," 28 C.F.R. § 14.2(b).  Delivery to the wrong officer within the relevant agency can therefore satisfy the presentment requirement.  In fact, the requirement can be met even where notice is given to the *wrong agency altogether*.  *See, e.g.*, *Williams v. United States*, No. 03-CV-9909 (GEL), 2007 WL 951382, at *4 (S.D.N.Y. Mar. 22, 2007) (Lynch, J.) ("[A]n FTCA claimant may satisfy the exhaustion requirement by giving either *actual* notice, by filing a claim directly with the appropriate federal agency, or *constructive* notice, through a claim misfiled with the wrong agency, provided that the claim provides sufficient information to permit a transfer to the appropriate federal agency."); *see also* 28 C.F.R. § 14.2(b).

Second, and in any event, the Government overlooks one critical fact about *Cooke*: The plaintiff there was not a prisoner, so the rule at issue was the common-law mailbox rule, not the prison mailbox rule.  Even more significantly, the Government overlooks *Tapia-Ortiz v. Doe*, 171 F.3d 150 (2d Cir. 1999), in which the Second Circuit explicitly held that the *prison* mailbox rule — which provides that a document is "deemed filed . . . when it is delivered to prison officials" — *does* "appl[y] to an FTCA administrative filing." *Id.* at 152; *accord Censke v. United States*, 947 F.3d 488, 492-93 (7th Cir. 2020).[4]  As the *Tapia-Ortiz* Court explained, the prison mailbox rule "is founded on the notion that unlike other litigants, the *pro se* prisoner litigant cannot personally ensure receipt of his legal documents by the court clerk."  171 F.3d at 152 (cleaned up); *see also Houston v. Lack*, 487 U.S. 266, 271 (1988) ("Unlike other litigants, *pro se* prisoner litigants cannot personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received the notice.  Other litigants may choose to entrust their appeals to the

---

[4]    In *Censke*, which neither party here cites, the Seventh Circuit took a slightly "different path of reasoning" to reach the same result as the Second Circuit in *Tapia-Ortiz*.  947 F.3d at 492.  The difference is immaterial for purposes of this case.

4

vagaries of the mail and the clerk's process for stamping incoming papers, but only the *pro se* prisoner is forced to do so by his situation."). That notion applies in spades to Schulte given the highly restrictive conditions under which he was held in December 2020 — and, relatedly, the frequency with which mailings to or from him were delayed or even lost, as this Court knows full well from presiding over his criminal case.

To be sure, there is some tension between the Second Circuit's analysis in *Tapia-Ortiz* and its later analysis in *Cooke*. In *Tapia-Ortiz*, the Court relied on the fact that the *statute* did not explicitly refer to "receipt" — and conspicuously made no mention of the *regulation*, which does. *See Tapia-Ortiz*, 171 F.3d at 152 & n.1; *see also Censke*, 947 F.3d at 492 (explaining that the *Tapia-Ortiz* "court found dispositive that the FTCA's definition of filing as receipt came from only regulations — not the statute itself"). In *Cooke*, meanwhile, the Court noted that the "contours" of the statutory requirement had "been clarified through regulation" and explicitly held that "[t]he statute *and* corresponding regulation make clear that actual receipt is required." 918 F.3d at 81-82 (emphasis added). Furthermore, the *Cooke* Court stressed that applying a judge-made rule like the common-law mailbox rule to the FTCA "would be inconsistent with the principle that waivers of sovereign immunity must be strictly construed and limited in scope in favor of the sovereign." *Id.* at 82. Absent *Tapia-Ortiz*, the Court might well agree with the Government that this reasoning forecloses a prisoner's reliance on a mailing that was never received by the relevant agency. But the *Cooke* Court did not cite, let alone overrule, *Tapia-Ortiz*, and the Second Circuit has repeatedly admonished that its decisions are binding until "they are overruled either by an *en banc* panel . . . or by the Supreme Court." *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004); *accord Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 421 (2d Cir. 2022). Accordingly, *Tapia-Ortiz* remains good law. It follows that Schulte's December 14, 2020 mailing (which, for present purposes, the Government does not dispute otherwise satisfied all of the relevant requirements)

5

could satisfy the FTCA presentment requirement even though the Government has no record of the BOP having received it.[5]

For the foregoing reasons, the Government's motion to dismiss Schulte's Amended Complaint for lack of subject-matter jurisdiction must be and is DENIED. Unless and until the Court orders otherwise, the Government shall file its Answer to Schulte's Amended Complaint within **two weeks** of the date of this Memorandum Opinion and Order. *See* Fed. R. Civ. P. 12(a)(4)(A). By separate Orders, the Court will address the question of Schulte's representation going forward and schedule an initial pretrial conference.

The Clerk of Court is directed to terminate ECF No. 54, to update Schulte's address on the docket to the following:

> Joshua Adam Schulte
> Reg. No. 79471-054
> USP Florence - High
> U.S. Penitentiary
> P.O. Box 7000
> Florence, CO  81226

and to mail a copy of this Memorandum Opinion and Order to him at that address.

SO ORDERED.

Dated: February 21, 2024
       New York, New York

JESSE M. FURMAN
United States District Judge

---

[5] In light of that conclusion, the Court need not and does not reach Schulte's alternative argument that exhaustion should be excused because BOP officers "thwarted" his efforts to satisfy the presentment requirement. *See* Pl.'s Opp'n 8-11.