DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:     TARA SCHWARTZ
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2633
Email: tara.schwartz@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSHUA ADAM SCHULTE, <br><br> Plaintiff, <br><br> -v.- <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | 21 Civ. 4042 (JMF) <br><br> **ANSWER** |

Defendant the United States of America ("United States" or "Defendant"), by its

attorney Damian Williams, United States Attorney for the Southern District of New

York, hereby answers the amended complaint of plaintiff Joshua Adam Schulte, filed on

March 23, 2023 (ECF No. 49 (the "Amended Complaint")), as follows:

**NATURE OF THE ACTION**

1.      Paragraph 1 of the Amended Complaint consists of legal conclusions and

Plaintiff's argumentative characterization of his lawsuit, to which no response is required.

To the extent a response is deemed required, Defendant denies the allegations contained

in paragraph 1.

2.      Paragraph 2 of the Amended Complaint consists of legal conclusions and

Plaintiff's argumentative characterizations of his claimed damages and of certain alleged

events, to which no response is required.  To the extent a response is deemed required,

Defendant denies the allegations contained in paragraph 2.

3.      The allegation contained in paragraph 3 of the Amended Complaint is argumentative and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is required, Defendant denies the allegation contained in paragraph 3.

4.      Defendant denies the allegations contained in paragraph 4 of the Amended Complaint except lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's health.

5.      Paragraph 5 of the Amended Complaint constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 5.

6.      Paragraph 6 of the Amended Complaint constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegation contained in paragraph 6.

### JURISDICTION AND VENUE

7.      The first sentence of paragraph 7 of the Amended Complaint consists of Plaintiff's argumentative characterization of his lawsuit, to which no response is required; to the extent a response is required, denies the allegation.  The second sentence of paragraph 7 consists of a legal conclusion regarding jurisdiction, to which no response is required.

8.      The first clause of the sentence contained in paragraph 8 of the Amended Complaint consists of a legal conclusion regarding venue, to which no response is required.  Defendant admits the allegation contained in the second clause of the sentence

in paragraph 8 that the actions alleged in the Amended Complaint occurred at the MCC

in New York, New York, which is located within the Southern District of New York.

<b>PARTIES</b>

9.      Defendant admits the allegation contained in the first sentence of

paragraph 9 of the Amended Complaint.  Defendant denies the allegation contained in the

second sentence of paragraph 9 and avers that Plaintiff is currently detained at U.S.

Penitentiary Florence in Colorado.

10.      Defendant denies the allegations contained in paragraph 10 of the

Amended Complaint except admits that the Bureau of Prisons ("BOP") is a component of

the United States Department of Justice and that the BOP operated the MCC at all times

relevant to this action.

<b>EXHAUSTION OF ADMINISTRATIVE REMEDIES</b>

11.      The first sentence contained in paragraph 11 of the Amended Complaint

consists of a legal conclusion, to which no response is required.  Defendant lacks

knowledge or information to form a belief as to the truth of the allegations contained in

the second, third, fourth, and fifth sentences of paragraph 11, as they concern unspecified

grievances.  The sixth and final sentence of paragraph 11 consists of a legal conclusion

and Plaintiff's characterization of his action, to which no response is required.

<b>STATEMENT OF FACTS</b>

12.      Defendant admits the allegations contained in paragraph 12 of the

Amended Complaint except denies the allegation concerning 10 South being the MCC's

most restrictive unit.

3

13.     Defendant admits the allegations contained in paragraph 13 of the Amended Complaint.

14.     Defendant denies the allegations contained in paragraph 14 of the Amended Complaint but admits that the MCC is located at 150 Park Row, New York, NY 10007, adjacent to the federal courthouses at 500 Pearl Street and 40 Foley Square, and that in the fall of 2021, all inmates housed at the MCC were transferred to other facilities.

15.     Defendant denies the allegation contained in the first sentence of paragraph 15 of the Amended Complaint.   Defendant responds to the allegations in the second sentence of paragraph 16 by respectfully referring the Court to the Special Administrative Measures ("SAMs") imposed on Plaintiff, which governed his communication and contact with other individuals.  Defendant admits the allegation contained in the third sentence of paragraph 15.

16.     Defendant responds to the allegations in paragraph 16 of the Amended Complaint by respectfully referring the Court to the Special Administrative Measures ("SAMs") imposed on Plaintiff, which governed his communication and contact with other individuals.  Defendant denies the allegation that Plaintiff's ordinary mail service was limited, monitored, and unreliable.

I.     **EXPOSURE TO PUTRID SEWAGE**

17.     Defendant denies the allegation contained in paragraph 17 of the Amended Complaint.

18.     Defendant denies the allegations contained in paragraph 18 of the Amended Complaint.

19.     Defendant denies the allegations contained in paragraph 19 of the

Amended Complaint.

20.     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegation contained in paragraph 20 of the Amended Complaint.

21.     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegation contained in paragraph 21 of the Amended Complaint.

22.     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 22 of the Amended Complaint.

23.     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 23 of the Amended Complaint.

24.     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 24 of the Amended Complaint.

25.     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 25 of the Amended Complaint.

26.     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 26 of the Amended Complaint.

27.     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 27 of the Amended Complaint.

28.     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 28 of the Amended Complaint.

## II.     EXPOSURE TO EXTREME TEMPERATURES

29.     Defendant denies the allegations contained in the first and second

sentences of paragraph 29 of the Amended Complaint and lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained in the

third, fourth, and fifth sentences of paragraph 29.

30.    Defendant denies the allegations contained in paragraph 30 of the

Amended Complaint except lacks knowledge or information sufficient to form a belief as

to the truth of the allegations that Plaintiff frequently wore three layers of clothing and

that his appendages routinely went numb.

31.    Defendant denies the allegations contained in paragraph 31 of the

Amended Complaint except lacks knowledge or information sufficient to form a belief as

to the truth of the allegations that Plaintiff removed all his clothes and pressed against the

cement walls of his cell and that he did not sleep during the summer months.

32.    Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 32 of the Amended Complaint.

III.    SLEEP DEPRIVATION

33.    Defendant denies the allegations contained in paragraph 33 of the

Amended Complaint.

34.    Defendant admits the allegations contained in the first, second, and fourth

sentences of paragraph 34 of the Amended Complaint.  Defendant denies the allegations

contained in the third sentence of paragraph 34.

35.    Defendant denies the allegations contained in paragraph 35 of the

Amended Complaint.

36.    Defendant denies the allegations contained in paragraph 35 of the

Amended Complaint except lacks knowledge or information sufficient to form a belief as

to the truth of the allegation that Plaintiff experienced migraines.

## IV.    EXPOSURE TO TOXIC AIR

37.    Defendant denies the allegations contained in paragraph 37 of the Amended Complaint.

38.    Defendant denies the allegations contained in paragraph 38 of the Amended Complaint.

39.    Defendant denies the allegations contained in paragraph 39 of the Amended Complaint.

40.    Defendant denies the allegations contained in paragraph 40 of the Amended Complaint.

41.    Defendant denies the allegations contained in paragraph 41 of the Amended Complaint except lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff looked forward to leaving his cell for the recreation room and admits that the recreation room had a window that let in fresh air.

42.    Defendant denies the allegations contained in paragraph 42 of the Amended Complaint.

## V.    PROHIBITION OF OUTDOOR RECREATION AND LIMITATION ON INDOOR RECREATION

43.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence of paragraph 43 of the Amended Complaint.  Defendant admits the allegation contained in the second sentence of paragraph 43.  Defendant denies the allegations contained in the third sentence of paragraph 43.

44.     Defendant denies the allegations contained in paragraph 44 of the Amended Complaint, except admits that inmates sometimes used the recreation room in 10 South to watch television.

45.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Amended Complaint.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Complaint.

## CAUSES OF ACTION

47.     Defendant realleges and incorporates its answers to paragraphs 1 through 46 as if fully set forth herein.

48.     Paragraph 48 of the Amended Complaint constitutes legal conclusions regarding the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to relief.

## FIRST CAUSE OF ACTION

49.     Defendant realleges and incorporates its answers to paragraphs 1 through 46 as if fully set forth herein.

50.     Defendant denies the allegations contained in paragraph 50 of the Amended Complaint.

51.     Defendant denies the allegations contained in paragraph 51 of the Amended Complaint.

52.     Paragraph 52 of the Amended Complaint constitutes a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 52.

53.     Paragraph 53 of the Amended Complaint is argumentative and constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 53.

54.     Paragraph 54 of the Amended Complaint is argumentative and constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 54.

55.     Paragraph 55 of the Amended Complaint constitutes legal conclusions, to which no response is required.

56.     Paragraph 56 of the Amended Complaint constitutes legal conclusions, to which no response is required.

57.     Paragraph 57 of the Amended Complaint is argumentative and constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegation contained in paragraph 57 of the Amended Complaint.

## SECOND CAUSE OF ACTION

58.     Defendant realleges and incorporates its answers to paragraphs 1 through 46 as if fully set forth herein.

59.     Defendant denies the allegations contained in paragraph 59 of the Amended Complaint.

60.     Defendant denies the allegations contained in paragraph 60 of the Amended Complaint.

61.     Paragraph 61 of the Amended Complaint constitutes legal conclusions, to which no response is required.

62.     Paragraph 62 of the Amended Complaint is argumentative and constitutes legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 62.

63.     Paragraph 63 of the Amended Complaint is argumentative and constitutes legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 63.

64.     Paragraph 64 of the Amended Complaint constitutes legal conclusions, to which no response is required.

65.     Paragraph 65 of the Amended Complaint constitutes legal conclusions, to which no response is required.

66.     Paragraph 66 of the Amended Complaint is argumentative and constitutes legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegation contained in paragraph 66 of the Amended Complaint.

## THIRD CAUSE OF ACTION

67.     Defendant realleges and incorporates its answers to paragraphs 1 through 46 as if fully set forth herein.

68.     Defendant denies the allegations contained in paragraph 68 of the Amended Complaint.

69.     Defendant denies the allegations contained in paragraph 69 of the Amended Complaint.

70.      Paragraph 70 of the Amended Complaint constitutes legal conclusions, to which no response is required.

71.      Paragraph 71 of the Amended Complaint is argumentative and constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 71.

72.      Paragraph 72 of the Amended Complaint is argumentative and constitutes legal conclusions, to which no response is required.

73.      Paragraph 73 of the Amended Complaint constitutes legal conclusions, to which no response is required.

74.      Paragraph 74 of the Amended Complaint constitutes legal conclusions, to which no response is required.

75.      Paragraph 75 of the Amended Complaint is argumentative and constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 75 of the Amended Complaint.

## FOURTH CAUSE OF ACTION

76.      Defendant realleges and incorporates its answers to paragraphs 1 through 46 as if fully set forth herein.

77.      Defendant denies the allegations contained in paragraph 77 of the Amended Complaint.

78.      Defendant denies the allegations contained in paragraph 78 of the Amended Complaint.

79.      Paragraph 79 of the Amended Complaint constitutes legal conclusions, to which no response is required.

80.     Paragraph 80 of the Amended Complaint is argumentative and constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 80.

81.     Paragraph 81 of the Amended Complaint is argumentative and constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 81.

82.     Paragraph 82 of the Amended Complaint constitutes legal conclusions, to which no response is required.

83.     Paragraph 83 of the Amended Complaint constitutes legal conclusions, to which no response is required.

84.     Paragraph 84 of the Amended Complaint is argumentative and constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 84 of the Amended Complaint.

## FIFTH CAUSE OF ACTION

85.     Defendant realleges and incorporates its answers to paragraphs 1 through 46 as if fully set forth herein.

86.     Defendant denies the allegations contained in paragraph 86 of the Amended Complaint.

87.     Defendant denies the allegations contained in paragraph 87 of the Amended Complaint.

88.     Paragraph 88 of the Amended Complaint constitutes legal conclusions, to which no response is required.

89.     Paragraph 89 of the Amended Complaint is argumentative and constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 89.

90.     Paragraph 90 of the Amended Complaint is argumentative and constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 90.

91.     Paragraph 91 of the Amended Complaint constitutes legal conclusions, to which no response is required.

92.     Paragraph 92 of the Amended Complaint constitutes legal conclusions, to which no response is required.

93.     Paragraph 93 of the Amended Complaint is argumentative and constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 93 of the Amended Complaint.

## SIXTH CAUSE OF ACTION

94.     Defendant realleges and incorporates its answers to paragraphs 1 through 46 as if fully set forth herein.

95.     Defendant denies the allegations contained in paragraph 95 of the Amended Complaint.

96.     Defendant denies the allegations contained in paragraph 96 of the Amended Complaint.

97.     Paragraph 97 of the Amended Complaint constitutes legal conclusions, to which no response is required.

98.     Paragraph 98 of the Amended Complaint is argumentative and constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 98.

99.     Paragraph 99 of the Amended Complaint is argumentative and constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 99.

100.     Paragraph 100 of the Amended Complaint constitutes legal conclusions, to which no response is required.

101.     Paragraph 101 of the Amended Complaint constitutes legal conclusions, to which no response is required.

102.     Paragraph 102 of the Amended Complaint is argumentative and constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 102 of the Amended Complaint.

**PRAYER FOR RELIEF**

103.     Paragraph 103 of the Amended Complaint constitutes Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

104.     Paragraph 104 of the Amended Complaint constitutes Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

105.    Paragraph 105 of the Amended Complaint constitutes Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied.  For further defenses, Defendant alleges as follows:

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are subject to, and limited by, the Federal Tort Claims Act ("FTCA").  28 U.S.C. §§ 1346(b), 2671, *et seq.*

## THIRD DEFENSE

Defendant was not negligent and did not breach any duty to Plaintiff.

## FOURTH DEFENSE

None of Defendant's acts or omissions was the cause in fact or proximate cause of any injury to Plaintiff or any of the damages alleged in the Amended Complaint.

## FIFTH DEFENSE

The injuries alleged in Plaintiff's Amended Complaint were caused by one or more unforeseeable superseding acts.

## SIXTH DEFENSE

Defendant has no liability pursuant to the FTCA for any injury, loss or damage sustained by Plaintiff that was caused by the acts or omissions of other parties, persons or entities; or of their servants, agents, representatives or employees.

**SEVENTH DEFENSE**

In the event that the Court enters a judgment against Defendant, that judgment must be reduced, pursuant to N.Y. C.P.L.R. § 4545 and other applicable New York State laws, by the amounts that Plaintiff has been, or will be with reasonable certainty, reimbursed or indemnified by any collateral source, including but not limited to, insurance, Social Security, Workers' Compensation, or Employee Benefit programs, for any past or future economic loss arising from the alleged injuries and damages.

**EIGHTH DEFENSE**

Defendant's liability, if any, is limited with respect to any claim by Plaintiff for non-economic loss, pursuant to N.Y. C.P.L.R. § 1601, to an equitable share determined in accordance with the relative culpability of all persons or entities causing or contributing to the total liability for non-economic loss, including persons or entities over whom Plaintiff could have obtained jurisdiction with due diligence.

**NINTH DEFENSE**

Plaintiff is not entitled to a jury trial pursuant to the FTCA.  28 U.S.C. § 2402.

**TENTH DEFENSE**

Plaintiff may not recover pre-judgment interest or punitive damages pursuant to 28 U.S.C. § 2674.

**ELEVENTH DEFENSE**

Plaintiff's recovery, if any, against Defendant is limited to the amount of damages specified in his administrative claim that he allegedly submitted to the BOP.  28 U.S.C. § 2675(b).

**TWELTH DEFENSE**

This Court lacks subject matter jurisdiction over Plaintiff's claims that were not presented in writing to Defendant.  28 U.S.C. § 2675(a).

## THIRTEENTH DEFENSE

Should the Court award judgment in Plaintiff's favor, any such attorney's fees should be taken out of the judgment or settlement, not in addition thereto, and are limited by statute to 25%.  28 U.S.C. § 2678.

## FOURTEENTH DEFENSE

Plaintiff's claim for damages is limited to damages recoverable under 28 U.S.C. § 2674 and under New York law.

*        *        *

Defendant may have additional defenses which are not known at this time, but which may become known through discovery.  Accordingly, Defendant reserves the right to assert each and every affirmative or other defense that may be available.

WHEREFORE, Defendant respectfully requests that this Court dismiss the Amended Complaint with prejudice, enter judgment in favor of Defendant, award costs for defense of this action, and grant such other relief as may be just and equitable.

Date:   New York, New York
        March 13, 2024

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney
                                        Southern District of New York

                            By:     */s/ Tara Schwartz*
                                        TARA SCHWARTZ
                                        Assistant United States Attorney
                                        86 Chambers Street, 3rd Floor
                                        New York, New York 10007
                                        Tel: (212) 637-2633
                                        Email: tara.schwartz@usdoj.gov