**LINCOLN SQUARE LEGAL SERVICES, INC.** | Fordham University School of Law | Tel 212-636-6934
150 West 62nd Street, Ninth Floor | Fax 212-636-6923
New York, NY 10023

May 1, 2024

**VIA ECF**

Hon. Jesse M. Furman
United States District Judge
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10017

Re:   *Schulte v. United States v. Cordero, et al.*, 21-CV-4042 (JMF)

Dear Judge Furman:

Pursuant to its order of March 15, 2024, the Court requested the parties file a joint letter, and a Civil Case Management Plan and Scheduling Order. Please see below for the information requested. The Civil Case Management Plan and Scheduling Order are attached as an exhibit.

**(1) A statement indicating whether the parties believe they can do without an initial pretrial conference altogether. If so, the Court may enter a case management plan and scheduling order and the parties need not appear. If not, the Court will hold the initial conference, albeit perhaps at a different time. To that end, counsel should indicate in their joint letter dates and times during the week of the conference that they would be available for the teleconference;**

The parties do not require an initial pre-trial conference. Please see the attached Civil Case Management Plan and Scheduling Order.

**(2) A brief statement of the nature of the action and the principal defenses thereto;**

Plaintiff's Statement: This is a civil action brought pursuant to 28 U.S.C. § 2674 seeking monetary relief for the negligence of the United States and its constituent part and instrumentality, the Federal Bureau of Prisons ("BOP"), toward Mr. Joshua Adam Schulte, Plaintiff, during his confinement at the Metropolitan Correctional Center (MCC) in New York City. Mr. Schulte alleges the BOP owed him a duty of care as an inmate housed at the MCC. That duty required the BOP to meet his basic needs. Mr. Schulte further alleges that the BOP failed to meet its basic obligations to him.

As a result of its negligence, Mr. Schulte alleges he suffered physical and emotional injuries, including growing ill after he spent the night with putrid sewage on his cell floor, lived through two winters without adequate heat, suffered sleep deprivation, was denied physical exercise for weeks at a time, and struggled to breathe in the cells in which he was housed.

As a result of the BOP's negligent failure to adequately mitigate these inhumane conditions, Mr. Schulte alleges his physical health has deteriorated and he has suffered emotional distress as a result of the BOP's negligent failure to maintain adequate living conditions. Mr. Schulte alleges that the BOP's negligent acts and omissions were not discretionary decisions about prison policy, but rather represented unlawful disregard for his health and wellbeing.

Defendant's Statement: The BOP denies that it was negligent, failed to meet Plaintiff's basic obligations to Plaintiff, or breached a duty to Plaintiff. The BOP further denies that Plaintiff suffered any physical or emotional injuries as a result of his living conditions at the MCC.

(3) **A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.** *See, e.g., Handelsman v. Bedford Vill. Assocs. L.P.*, **213 F.3d 48 (2d Cir. 2000).**

The Court has jurisdiction in this action pursuant to 28 U.S.C. § 1346(b)(1). Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2), 1402(b), as the alleged events giving rise to this action occurred at the MCC in New York County, New York, located within the Southern District of New York.

(4) **A statement of all existing deadlines, due dates, and/or cut-off dates;**

There are no due dates, deadlines, or cut-off dates at this time.

(5) **A brief description of any outstanding motions;**

There are no outstanding motions.

(6) **A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;**

Discovery has not commenced.

(7) **A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;**

Settlement discussions have not commenced.

(8) **A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's**

**Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and**

The parties have not discussed the use of alternative dispute resolution mechanisms. The parties will discuss the use of alternative dispute resolution mechanisms during the course of discovery if they believe that they could be helpful in aiding the parties in settlement negotiations.

**(9) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

The Special Administrative Measures create an obstacle in advancing the case expeditiously to settlement or trial, given the difficulties Mr. Schulte has communicating with counsel. Additionally, Lincoln Square Legal Services, Inc,. is subject to an academic calendar, whereby legal interns are routinely only available during the fall and spring semesters and unavailable during the summer months. Further, Plaintiff's counsel has several time restraints and conflicts due to the academic calendar. Thus, the Civil Case Management Plan and Scheduling Order submitted here deviate from the typical discovery timeline due to both the Special Administrative Measures imposed on our client and the academic calendar counsel is subject to. Plaintiff's Counsel has requested these longer timeframes with the consent of its client and the Government.

Thank you for your attention to this matter.

Respectfully,

/s/ *Michael Martin*

Michael W. Martin
Executive Director